# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:94-cr-00092-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>ANTONIO ALFONZO ROGERS, )<br>)<br>Defendant. )<br>)<br>) | ORDER |

THIS MATTER comes now before the Court upon Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 65) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission. See United States Sentencing Commission Sentencing Guidelines, Amendment 706, as amended by Amendment 711 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 713 (making Amendment 706 retroactive, effective March 3, 2008). The Government has responded in opposition to the motion (Doc. No. 69). Although Defendant is eligible for the reduction, his status as a career offender nullifies any impact the reduction would have. Defendant's Motion is therefore DENIED. Alternatively, even if Defendant were not a career offender, his post-sentencing conduct, which has resulted in twelve disciplinary actions, demonstrates that he has not yet learned to respect the law. Thus, Defendant's Motion would similarly be denied.

## LEGAL STANDARD

Section 3582(c)(2) of Title 18 provides that in the case of a defendant who has been

sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," upon motion of the defendant or upon its own motion, the court *may* reduce the term of imprisonment, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. The text of § 1B1.10, as amended, makes clear in subsection (a)(3) that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." Id. § 1B1.10(a)(3). In the Commentary to § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is a discretionary decision, making clear that defendants are not entitled to such reductions as a matter of right: "The authorization of such a *discretionary reduction* . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." Id. Background Commentary (emphasis added); see also U.S.S.G. § 1B1.10(a)(1) (indicating that the Court "*may* reduce the defendant's term of imprisonment") (emphasis added).

## FACTUAL BACKGROUND

Defendant Antonio Alfonzo Rogers was indicted on June 9, 1994, and charged with conspiracy to possess with intent to distribute, and distribute, cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1); four counts of possession with intent to distribute cocaine base and aiding and abetting same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; possession of a firearm during a drug trafficking crime, and aiding and abetting same, in violation of 18 U.S.C. § 924(c)(1) and (2); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On January 13, 1995, Defendant pleaded guilty to the conspiracy and possession of a firearm by a convicted felon charges, pursuant to a written plea agreement. The parties further agreed that

Defendant was responsible for more than 150 grams but less than 500 grams of cocaine base.

Defendant's original guideline range of imprisonment, based on a total offense level of 34 and a criminal history category of VI, was between 262 and 327 months. Defendant qualified as a career offender under Sentencing Guidelines § 4B1.1,[1] thus generating a base offense level of 37. After a two-point enhancement for firearm possession and two- and three-point reductions for his role in the conspiracy and acceptance of responsibility, Defendant's total offense level was 34. At sentencing, the Court found that Defendant's criminal history "overstates the seriousness of the record" and departed downward by two levels to a total offense level of 32, sentencing Defendant to 210 months imprisonment, the low end of the Guidelines range.

## ANALYSIS

### A. Career Offender Status

Defendant argues that the two-point reduction should be applied at the end of the previous calculation, reducing his total offense level to 30 and resulting in an amended guideline range of 168 to 210 months. Defendant's request, however, ignores the fact that application of the reduction is not to be a full resentencing of the Defendant, see § 1B1.10(a)(3), but rather a consideration of the impact of Amendment 706 had it been in effect at the time of sentencing. Thus, the first step is to calculate Defendant's base offense level as it now stands under the Amendment. Defendant's base offense level would therefore be reduced from 34 to 32. However, it is at this point that the amended base offense level is affected by Defendant's status as a career offender, just as his original offense

---

[1] "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

level was.  Because he is a career offender, Defendant's amended base offense level rises from a 32 to a 37, just as his original offense level rose from a 34 to a 37.  Applying the enhancements and reductions as before, Defendant's total offense level is 34.  The sentencing judge then departed downward two offense levels to a 32 because it felt that Defendant's criminal history overstated the seriousness of the record.  Applying that reduction now, as then, results in an offense level of 32. Thus, because application of Amendment 706 "does not have the effect of lowering the defendant's applicable guideline range," Defendant's Motion must be denied.  U.S.S.G. § 1B1.10(a)(2)(B); see also 18 U.S.C. § 3582(c)(2).

**B. Post-Sentencing Conduct**

Alternatively, the Court finds, based on Defendant's post-conviction conduct, that he has not yet learned to respect the law.[2]  Defendant has received twelve disciplinary actions during his period of imprisonment: four times for engaging in sexual acts, the most recent occurrence on January 9, 2008;  two times for possessing an unauthorized item, including possessing a dangerous weapon; indecent exposure; being in an unauthorized area; possessing intoxicants; possessing gambling paraphernalia; being absent from assignment; and assault without serious injury.  Although the Court has considered all of the sentencing factors as they relate to Defendant, it is particularly mindful of "the need for the sentence imposed . . . to promote respect for the law."  18 U.S.C. § 3553(a)(2)(A). Reducing Defendant's sentence despite his continued disrespect for the law and BOP regulations

---

[2]Post-sentencing conduct is relevant when considering whether a sentence reduction is appropriate.  See U.S.S.G. § 1B1.10, App. Note 1(B).

would contradict this and other 3553(a) sentencing factors.[3] Thus, even if Defendant's status as a career offender did not operate to override the effect of Amendment 706, the Court would nevertheless deny the Motion.

**CONCLUSION**

Accordingly, the Court finds that Defendant's status as a career offender precludes any reduction in his sentence. In the alternative, Defendant's post-sentencing conduct demonstrates that he has not learned to respect the law, and the Court would deny his Motion based upon a consideration of this and other § 3553(a) sentencing factors.

Defendant's motion is therefore DENIED.

IT IS SO ORDERED.                    Signed: June 5, 2008

_Frank D. Whitney_
Frank D. Whitney
United States District Judge

---

[3] The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order. See United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000); see also United States v. Foster, No. 07-7066, 2007 WL 4284675, at *1 (4th Cir. December 7, 2007); United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998); United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).